Baldwis, J.
delivered the opinion of the court.
The court is of opinion that there is no implied warranty of the value of current money of the country; passing from hand to hand, in the course of trade, commerce and other business. This is true, not only of the money made by law a good lender in the payment of debts and performance of contracts, but is equally so in regard to the notes of banks and bankers, payable to hearer, and circulated by delivery. These are not merely the representative of money, but in the course of business, and by common usage, are substantially employed and treated, for most purposes, as actual money or cash. The circulation of them depends, not upon the responsibility of those who pass them, hut upon the opinion and estimate of those who receive them. Those who circulate them are not understood as thereby giving any assurance of the credit, punctuality or solvency of the makers; in regard to all which the receiver exercises his own judgment, or relies upon that of others in whom *362 he has confidence. There is but a single guarantee which those who circulate the money of that, or any other kind, can be understood to give, to wit, that it is "what it purports to be, genuine and not counterfeit. Beyond that, in the absence of express warranty, or fraudulent misrepresentation or concealment, the receiver takes -it at his own risk. There is no implied warranty, whether of title or value, in the circulation of bank notes, any more than of other money. The title to them can never be questioned in the hands of a bona fide holder; and on his part he takes them as money, for whatever they may be worth. Both parties are equally innocent, and there is no reason or justice in throwing the loss sustained by one upon the shoulders of the other, and sending him against a third in the like predicament, and so continuing the pursuit through various stages of transitory ownership, to fix the burthen at last upon some innocent person. This would occasion much harassing litigation, arising out of inabilities of banks to meet their engagements, and embracing cases of partial as well as total insolvency, and even of mere depreciation from temporary suspensions of specie payments. It is not the condition but the credit of the banks which affects the circulation of their paper; and it matters not whether that credit be destroyed or impaired before or after their notes have passed from one person to another, in the course of business, if there be no want of good faith between the parties to the transaction. That credit still exists as between them; and there is no principle of law, founded upon a mutual mistake of the parties, or a failure of the consideration, which can reach such cases; because, from the nature of the subject, the character of the transaction, and well founded considerations of policy, the law refuses to raise a promise of indemnity before the loss has occurred, or of compensation for it afterwards. The reason and policy of the law are different in respect to the passing of counterfeit money, which in case of loss, presents the *363 question not of value but validity, the forged com or 1 . paper being under all circumstances a mere nullity: while the vigilance of all engaged in dealing with the currency is enlisted in the detection of counterfeits, by the guarantee of their genuineness from those who pass them. The court is, therefore, of opinion, that in the present case, in the absence of an express contract of warranty, substantially such as set forth in the special counts of the declaration, the defendant in the action incurred no legal liability to the plaintiff therein, on account of the exchange of bank, notes in the second bill of exceptions mentioned; by which the defendant, in consideration of certain notes on one or more of the Virginia banks then received of the plaintiff, then passed to him other notes of equal amount, on the Mechanics Bank of Alexandria; though the last mentioned bank had recently stopped payment at the time of said exchange ; though the plaintiff shortly thereafter offered to return said notes of the Mechanics Bank to the defendant, which the latter refused to receive; and though said Mechanics Bank afterwards proved to be wholly, or to a great extent, insolvent. And the court is further of opinion that upon the proofs stated in the said second bill of exceptions, the representations and declarations therein set forth, as made by the defendant at the time of said exchange, did not in point of law constitute an express warranty as aforesaid. Wherefore the court is of opinion that the said circuit court erred in refusing to give to the jury the instruction moved for by the defendant’s counsel, as stated in said second bill of exceptions ; and moreover erred in refusing to grant the defendant a new trial, as stated in the entry directed by the said court to be made upon the record. It is, therefore, considered by the court that the said judgment of the said circuit court be reversed and annulled, with costs to the appellant, and that the verdict be set aside, and the cause remanded for a new trial.